72 F.3d 133
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Everett B. ROBINSON, Appellant,
v.
K. WEINFURTNER, Officer, Cummins Unit, Arkansas Department
Of Correction; A.J. Hall, Major, Cummins Unit, Arkansas
Department of Correction; T. Falls, Lt., Cummins Unit,
Arkansas Department of Correction, Appellees.
 No. 95-1432EA.
 United States Court of Appeals, Eighth Circuit.
 Submitted: November 24, 1995.
Filed: December 21, 1995.
 
 Before FAGG, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Everett B. Robinson, an Arkansas inmate, appeals the grant of summary judgment to the prison officials named in Robinson's 42 U.S.C. Sec. 1983 action. Robinson contends the prison officials retaliated against him for exercising his First Amendment rights by charging Robinson with violating prison rules, and denied him procedural due process in the disciplinary proceeding.
 
 
 2
 Following a petty dispute with a correctional officer, Robinson responded sarcastically, circumvented the officer's authority, and disobeyed a direct order. The officer charged Robinson with disciplinary violations but Robinson was neither found guilty nor punished.
 
 
 3
 Having carefully reviewed the record, we agree with the district court that Robinson's conduct did not implicate his rights under the First Amendment. See Pell v. Procunier, 417 U.S. 817, 822 (1974). Robinson did not have a First Amendment right to speak insolently to the officer, to lodge a complaint with the officer's supervisor in a manner contrary to established prison procedure, or to ignore the officer's order to return to his barracks. Thus, the district court properly rejected Robinson's retaliation claim. The district court also properly rejected Robinson's procedural due process claim. Robinson was found not guilty of the disciplinary charges, suffered no deprivation, and failed to show how he was prejudiced. See Estes v. Texas, 381 U.S. 532, 542 (1965).
 
 
 4
 We affirm the judgment of the district court.